SHAUN KHOJAYAN (#197690)
LAW OFFICES OF SHAUN KHOJAYAN
& ASSOCIATES, P.L.C.
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071
Telephone: (310) 274-6111
Facsimile: (310) 274-6211
Email: shaun@khojayan.com

DANIEL A. NARDONI (#94201)
LAW OFFICE OF DANIEL A. NARDONI
215 North Marengo Avenue, Suite 328
Pasadena, CA 91101
Telephone: (626) 578-9872
Facsimile: (626) 578-9873
Email: dan@nardonilaw.net

Attorneys for Defendant,
JOSE VALENCIA GONZALEZ (#8)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**(HONORABLE GEORGE WU)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LERMA, et al.,<br><br>JOSE VALENCIA GONZALEZ (#8),<br><br>Defendant. | Case No.: 18-CR-00172-GW-8<br><br>JOSE VALENCIA GONZALEZ'S MOTION FOR AQUITTAL UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 29(C) OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL UNDER RULE 33<br><br>Date: December 8, 2025<br>Time: 8:00 A.M. |

TO: THE HONORABLE GEORGE WU, UNITED STATES DISTRICT JUDGE, AND TO THE UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on December 8, 2025, at 8:00 A.M., or as soon thereafter as counsel may be heard, defendant JOSE VALENCIA GONZALEZ, by and through counsel, will and hereby does move this Court pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure to enter a judgement of acquittal on the murder counts: Count 1 (RICO murder), Count 7 (VICAR- murder), and Count 8 (murder), or in the alternative, grant a new trial on those counts.

FURTHER, counsel for JOSE VALENCIA GONZALEZ joins in the post-conviction motions that are filed by the other defendants and their attorneys as it relates to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure.

This motion is based upon the accompanying Memorandum of Points and Authorities, the record in this case, and any further evidence or argument the court may consider at the hearing on this matter.

DATED: September 20, 2025          Respectfully submitted,


                                   /s/ *Shaun Khojayan*
                                   Shaun Khojayan


                                   /s/ *Daniel A. Nardoni*
                                   Daniel A. Nardoni

                                   Attorneys for Defendant
                                   JOSE VALENCIA GONZALEZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Jose Valencia Gonzalez respectfully moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) or, in the alternative, a new trial under Rule 33, on the ground that the evidence presented at trial was legally insufficient to sustain the jury's guilty verdicts on the murder charges in Counts 7 and 8, and Count 1 for the RICO murder.

## II. LEGAL STANDARDS

Under Rule 29(a), "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

This Court must assess the sufficiency of the evidence under Rule 29, reviewing the evidence as a whole, including all inferences that may be reasonably drawn from it. It must do so in a light most favorable to the government and decide whether a rational trier of fact can find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Where no rational trier of fact could find guilt beyond a reasonable doubt, the court must enter a judgment of acquittal. *Id*. at 317. Where reasonable jurors must necessarily have a reasonable doubt as to guilt, the judge must acquit "[b]ecause no other result is permissible within the fixed bounds of jury consideration." *Id*. at 318 n.11. The court's "responsibility is to ensure that the government has shouldered its burden and adequately proved its case." *United States v. Hardy*, 895 F.2d 1331, 1335 (11th Cir. 1990).

Under Rule 33(a), the court may "vacate any judgment and grant a new trial if the interest of justice so requires." The standard is broader than Rule 29 and permits the court to weigh the evidence and consider the credibility of witnesses. See

*United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000):

"A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." <u>Alston,</u> 974 F.2d at <u>1211</u> (citation omitted). The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses.

### III. ARGUMENT

#### A. A Judgment of Acquittal is Warranted Under Rule 29(c)

The government failed to present evidence sufficient to establish beyond a reasonable doubt that Jose Valencia Gonzalez committed the murder of Steve Bencom, as charged.

**1. Lack of Physical Evidence Connecting Defendant to the Crime Scene**

No DNA, fingerprint, hair fiber, or blood evidence linked Jose Valencia Gonzalez to the crime scene (Cell 619). The government's own DNA analyst, Amanda Bakker, testified that she never received the known DNA profiles of Mr. Gonzalez or his co-defendants, despite requesting them.

**2. No Eyewitness Testimony**

Not a single eyewitness placed Mr. Gonzalez inside Cell 619 during the critical window of time. Remember, it was Dr. Judy Melinek who established that the time of death occurred in Cell 619 during the morning hours of June 29, 2020. The time of death was <u>not</u> during the mid-afternoon of June 28, 2020, as inmate Jose Martinez would like to lead you to believe. The only person in the locked cell with Steve Bencom at the time of his death was Jose Martinez.

**3. Inmate Witnesses Were Incentivized and Unreliable**

Witnesses such as Ryan Tawa and Joseph Jordan admitted to seeking leniency in exchange for cooperation. Their testimony was inconsistent and uncorroborated.

Ryan Tawa told his lawyer he wants to do anything to get out and build a case for the Government. On cross-examination Ryan Tawa admitted that he lied about Carlos Gonzalez and Carlos's alleged involvement.

Joseph Jordan remined us that "People go crazy on Spice." He also testified that the Guard Alaniz saw movement from both "Risky" (Steve Bencom) and "Slim" (Jose Martinez) at the 9:00 P.M. count. "She made everyone stand for count." Again, Steve Bencom was alive during this time and <u>not</u> deceased as Martinez claims.

**4. Jose Martinez, the Sole Occupant of the Cell, Had Motive, Opportunity, and Means**

Jose Martinez admitted to smoking Spice heavily. Evidence at trial indicated that he exhibited signs of intoxication and disorientation. According to correction officer Benito Pichardo, Jose Martinez "looked out of it" when he was released from his cell during the morning hours of June 28, 2020. Inmate-witness Mark Landeros testified that people who smoke Spice flip out and go crazy, have paranoia.

Jose Martinez's account contradicted correctional officers and forensic evidence. The government failed to produce surveillance videos to corroborate Martinez's claims that Jose Valencia Gonzalez entered Cell 619 on multiple occasions serving food trays and picking them up. In fact, we learned from correction officer Steve Marroquinn that he watched the 24-hour security camera video footage several times and there was no evidence of Jose Valencia Gonzalez delivering food trays to Cell 619 during the times Jose Martinez claimed.

**5. Medical Evidence Contradicts Government's Timeline**

Dr. Judy Melinek confirmed that the likely time of death occurred during the morning hours of June 29, 2020, when Jose Martinez was alone in the cell with victim Steve Bencom. There were only two people in the locked cell during this

critical time frame, Bencom and Martinez.

### B. Alternatively, a New Trial is Warranted Under Rule 33

Even if the Court finds the evidence legally sufficient, the interests of justice require a new trial:

1. Unreliable Testimony from Inmate Witnesses

2. Failure to Produce Critical Video Evidence

3. Failure to Use Available DNA Databases

4. Cumulative Error and Prejudice

The Court may, upon the defendant's motion, vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).

### 1. The Verdict Was Against the Weight of the Evidence

The interests of justice require a new trial when the verdict is against the weight of the evidence. *Tibbs v. Florida*, 457 U.S. 31, 37 (1982). The Court has broader authority under Rule 33 to determine whether a verdict is against the weight of the evidence than it does under Rule 29 to determine the sufficiency of the evidence. *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992); *Harper v. United States*, 296 F.2d 612, 614 (9th Cir. 1961). In ruling on a motion for a new trial under Rule 33, the Court may weigh the evidence and independently assess the credibility of witnesses. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985); *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980); *United States v. Indelicato*, 611 F.2d 376, 387 (1st Cir. 1970).

The guilty verdicts against Jose Valencia Gonzalez on the murder counts were against the weight of the evidence. He incorporates by reference his argument in support of a motion for a judgment of acquittal above.

The combined effect of unreliable testimony, missing physical evidence, and the failure to pursue available forensic testing irreparably prejudiced against Mr. Gonzalez's right to a fair trial.

## IV. CONCLUSION

For the reasons stated above, defendant Jose Valencia Gonzalez respectfully requests that this Court grant his motion for judgment of acquittal under Rule 29(c). In the alternative, he requests that the Court grant a new trial pursuant to Rule 33.

DATED: September 20, 2025        Respectfully submitted,

/s/ *Shaun Khojayan*
Shaun Khojayan

/s/ *Daniel A. Nardoni*
Daniel A. Nardoni

Attorneys for Defendant
JOSE VALENCIA GONZALEZ